IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAREN DURAND, | ) |
| | ) CIVIL ACTION NO: |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| LAKE SCRANTON URGENT CARE, LLC, | ) |
| | ) |
| | ) *ELECTRONICALLY FILED* |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Karen Durand, by and through her attorneys, Weisberg Cummings, P.C., brings this civil action for damages against the above-named Defendant, Lake Scranton Urgent Care, LLC, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint alleges illegal discrimination on the basis of Plaintiff's disabilities, in violation of the laws and statutes of the United States of America, specifically, the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008 (the "ADA"), 42 U.S.C. §12101 *et seq.*

2. Jurisdiction over this Complaint is based upon federal question jurisdiction pursuant to 28 U.S.C. §§1331, 1343, and 1367, in that this District Court for the Middle District of Pennsylvania has original jurisdiction of all civil actions

arising under the laws of the United States, as well as pendent state law claims arising under the provisions of the laws of the Commonwealth of Pennsylvania, to wit the Pennsylvania Human Relations Act, 43 Pa. Stat. Ann. § 951, *et seq.*

3. Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District, and because the unlawful discrimination practices that are the subject of this action were committed in this Judicial District.

4. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5. Plaintiff, Karen Durand ("Ms. Durand" or "Plaintiff") is an adult individual currently residing in Lackawanna County, Pennsylvania.

6. Ms. Durand has a disability, asthma, that impairs her ability breath.

7. Defendant, Lake Scranton Urgent Care, LLC ("Defendant"), is a Pennsylvania corporation that maintains its office and headquarters at 1141 Moosic Street, Scranton, Lackawanna County, Pennsylvania.

## ADMINISTRATIVE PROCEEDINGS

8. On or about October 23, 2023, Ms. Durand initiated a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was later formalized and docketed as Charge No. 530-2024-00752, with

2

instructions to be cross-filed by the EEOC with the Pennsylvania Human Relations Commission (the "PHRC").

9. Ms. Durand has been advised of her right to sue in federal court by Notice of Right to Sue issued by the EEOC on or about February 27, 2025.

10. All necessary and appropriate administrative prerequisites with regard to the EEOC and PHRC have occurred.

## STATEMENT OF FACTS

11. In or about September 2023, Mr. Durand applied to work for Defendant as a Receptionist at its location in Scranton, Lackawanna County, Pennsylvania.

12. Ms. Durand is an individual with a disability, asthma, which disability impairs her ability to breathe. Ms. Durand has successfully managed this disability for the majority of her life.

13. Ms. Durand was fully capable of performing the duties of a Receptionist with the reasonable accommodation of being able to take time off occasionally to deal with any flare-ups; notably, at the time of her application, Ms. Durand had never experienced a flare-up that necessitated time off from work.

14. On or about September 12, 2023, Ms. Durand was hired and began working as a Receptionist with Defendant.

15. On or about September 13, 2023, Ms. Durand experienced a severe flare-up of her condition, an asthma attack that required her to stay home for three (3) days, per her physician's instructions.

16. Despite having lived with asthma for most of her life, Ms. Durand had never before experienced a flare-up of this severity.

17. Ms. Durand duly notified Defendant of the asthma attack and her physician's instruction, providing Defendant with the necessary documentation.

18. On or about September 15, 2023, Defendant notified Ms. Durand that her services were no longer required and that she was being terminated, effective immediately.

19. At no time did Defendant engage in the interactive process with Ms. Durand.

20. Rather than accommodate Ms. Durand's reasonable request for time off to deal with the flare-up of her condition, Defendant terminated Ms. Durand.

21. By refusing to engage in the interactive process with Ms. Durand and terminating her employment upon learning of her disability, Defendant violated the ADA and discriminated against Ms. Durand on the basis of her disability.

## COUNT I

**VIOLATIONS OF THE ADA**
*DISABILITY DISCRIMINATION*

22. All prior paragraphs are incorporated herein as if set forth fully below.

4

23. Ms. Durand is within the protected class of individuals as designated by the ADA.

24. Mr. Durand is a qualified individual with a disability: asthma.

25. At all times relevant to this Complaint, Ms. Durand was qualified for and able to perform the essential functions of the Receptionist job with the reasonable accommodation of being permitted to miss work occasionally during flare-ups of her condition.

26. Ms. Durand's accommodation request was reasonable because her flare-ups are extremely rare and Ms. Durand has never before had one of the severity such that it required her to miss work.

27. As previously set forth above, Defendant refused to accommodate Ms. Durand's disability or engage in the interactive process.

28. Furthermore, Defendant chose to terminate Ms. Durand rather than accommodate her reasonable request.

29. As a direct and proximate result of Defendant's conduct in violating the ADA by discriminating against Ms. Durand on the basis of her disability, Ms. Durand has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and has been subjected to great damage to her career and professional

standing, and non-economic damages in the form of emotional distress, embarrassment, humiliation, anxiety, and a loss of self-respect and confidence.

30. Defendant's discrimination against Ms. Durand on the basis of her disability constitutes a violation of the ADA.

WHEREFORE, Plaintiff, Karen Durand, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, Lake Scranton Urgent Care, LLC, to be in violation of Ms. Durand's rights under the ADA and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, damages for emotional distress, punitive damages, reasonable attorneys' fees and costs incurred herein, and any pre and/or post judgment interest on all money awarded in damages for delay, together with any other relief available under the ADA.

### COUNT II

**VIOLATIONS OF THE PHRA**
***DISABILITY DISCRIMINATION***

31. All prior paragraphs are incorporated herein as if set forth fully below.

32. This is an action arising under the provisions of the PHRA and this Court has, and should, exercise pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events, and

circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

33. Ms. Durand is within the protected class of individuals as designated by the PHRA as she is a qualified individual with a disability.

34. As set forth more fully above, by discriminating against Ms. Durand on the basis of her disability, Defendant violated the provisions of the PHRA, which prohibits based upon disability with respect to the continuation and tenure of employment.

35. Defendant further violated the PHRA by refusing to engage in the interactive process in denying Ms. Durand's reasonable accommodation request.

36. As set forth more fully above, Ms. Durand has suffered a loss of earnings, emotional distress, and a loss of self-confidence.

37. Defendant's discrimination against Ms. Durand on the basis of her disability constitutes a violation of the PHRA.

WHEREFORE, Plaintiff, Karen Durand, respectfully requests that this Honorable Court declare the conduct engaged in by Defendant, Lake Scranton Urgent Care, LLC, to be in violation of Ms. Durand's rights under the PHRA and award all compensatory damages, lost wages (and raises) and benefits, front pay and back pay, lost future earning capacity, damages for emotional distress, reasonable attorneys' fees and costs incurred herein, and any pre and/or post judgment interest

on all money awarded in damages for delay, together with any other relief available under the PHRA.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**WEISBERG CUMMINGS, P.C.**

Dated: April 28, 2025

*/s/Michael J. Bradley*
Michael J. Bradley (PA 329880)
mbradley@weisbergcummings.com

*/s/Derrek W. Cummings*
Derrek W. Cummings (PA 83286)
dcummings@weisbergcummings.com

*/s/Larry A Weisberg*
Larry A. Weisberg (PA 83410)
lweisberg@weisbergcummings.com

*/s/Steve T. Mahan*
Steve T. Mahan (PA 313550)
smahan@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)
*Counsel for Plaintiff*

8